

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~JEROME S. SNEED, JR.~~
ATTORNEY GENERAL

Honorable M. R. Bullock
County Attorney
Pecos County
Fort Stockton, Texas

Dear Sir:

Opinion No. O-2617
Re: Commissioners' Courts --
Amendment of budget

Your request for opinion has been received and carefully con-
sidered by this department. We quote from your letter as follows:

### "STATEMENT OF FACTS.

"Under and by virtue of the Acts of 1931, 42nd
Legislature, Chapter 206, the County Judge and Com-
missioners' Court with the assistance of the County
Auditor have heretofore set up and approved a county
budget for Pecos County for the current year of 1940.
At the time this budget was set up and adopted, no
property in the county had yet been rendered or as-
sessed for taxes for the year 1940 nor had the tax
rate for the current year of 1940 been fixed other
than as recommended in the budget.

"In estimating 'the funds available from all
sources during the ensuing year' only the 1939 tax
roll was taken into consideration. No part of the
anticipated collection on the 1940 rolls was taken
into consideration in fixing the budget.

"It is not claimed that there exists grave pub-
lic necessity to meet unusual and unforseen conditions
which could not by reasonably diligent thought and at-
tention have been included in the original budget.
But one County Commissioners' Precinct has exhausted
its road and bridge fund for the current year as set
up under the present existing budget and the two fol-
lowing related questions have arisen.

"Questions:

(1) Under the above state of facts does
the Commissioners' Court at this time have
the power to amend its current budget so
as to include that portion of the 1940
taxes which may be reasonably expected
to be paid during the year 1940?

(2) Does the County Commissioners' Court
have the power to issue valid scrip war-
rants at this time to pay for work on the
county roads and bridges beyond the limits
of the present budget as fixed but within
the limits of the tax revenues which may
reasonably be expected to be collected dur-
ing the remainder of the year 1940?"

Article 689a-9, Vernon's Annotated Civil Statutes, reads in
part as follows:

"* * * The budget shall also contain a complete
financial statement of the county, showing all out-
standing obligations of the county, the cash on hand
to the credit of each and every fund of the county
government, the funds received from all sources during
the previous year, the funds available from all sources
during the ensuing year, the estimated revenues avail-
able to cover the proposed budget and the estimated
rate of tax which will be required. (Acts 1931, 42nd
Leg., p. 339, ch. 206, § 10."

Article 689a-11, Vernon's Annotated Civil Statutes, reads in
part as follows:

"* * * When the budget has been finally approved by
the Commissioners' Court, the budget, as approved by the
Court, shall be filed with the Clerk of the County Court,
and taxes levied only in accordance therewith, and no
expenditure of the funds of the county shall thereafter
be made except in strict compliance with the budget as
adopted by the Court. Except that emergency expenditures,
in case of grave public necessity to meet unusual and un-
foreseen conditions which could not, by reasonably dili-
gent thought and attention, have been included in the
original budget, may from time to time be authorized by
the Court as amendments to the original budget. * * *"

Article 689a-20, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budgets for school purposes; and the duties required by virtue of this Act of State, County, City and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said Officers respectively. (Acts 1931, 42nd Leg., p. 339, ch. 206, § 20a.)"

This department has repeatedly ruled that the Commissioners' Court of a county is without authority to make any expenditure of funds of the county except in fixed compliance with the budget, emergency expenditures in case of grave public necessity, as outlined by Section 11 of Article 689a, supra. This department has also repeatedly ruled that Section 20 of Article 689a, supra, does not authorize the Commissioners' Court to increase the budget after its adoption and that to hold otherwise would destroy the very purpose of the Act.

We enclose herewith copies of Opinions Nos. O-1053 and O-1022 of this department which contain full discussions of the budget law.

Opinion No. O-1053 defines the terms "grave" and "public necessity." Opinion Nos. O-1053 and O-1022 hold that the question of "grave public necessity" is a fact question to be determined primarily by the Commissioners' Court.

In your letter you state "it is not claimed that there exists grave public necessity to meet unusual and unforeseen conditions which could not by reasonably diligent thought and attention have been included in the original budget."

If, as stated in your letter, there exists no grave public necessity to meet unusual and unforeseen conditions which would not by reasonably diligent thought and attention have been included in the original budget, it is the opinion of this department that both of your questions should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:rw:egw

APPROVED AUG 23, 1940

s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By BWB Chairman